Contracts; lease; contract modification; breach claims; contract interpretation; ambiguity; necessity for seeking clarification; unauthorized acts of Government agents; es-toppel; counterclaim. — Plaintiff seeks compensation for damages resulting from alleged breaches of contract, claiming that his agreement with the Air Force to lease approximately 793 acres of cropland and 797 acres requiring maintenance mowing at Rickenbacker Air Force Base for farming had been modified to permit him to raise crops in areas not originally covered by the lease and to plant crops not permitted by the original terms of the lease. Plaintiff also argues that, since the lease was ambiguous, it should be interpreted to allow these activities. As a result of the modifications, or in light of plaintiffs interpretation, plaintiff contends that the order of the Secretary of the Air Force that some of the crops planted on the Base be destroyed and his decision to terminate the lease were breaches of the argreement. Plaintiff also claims a right to compensation on the basis of a contract, either express or implied-in-fact, to perform clean-up work on some areas of the Base. Thus, as an element of his claim for damages, plaintiff seeks to recover the profits he would have made from his farming operations if the Secretary had honored plaintiffs interpretation and had not terminated the lease. The Government has counterclaimed for the balance of the rental payments it claims are due, plus the cost of removing material left behind by plaintiff when he vacated the leased premises, including the cost of mowing part of plaintiffs allegedly unauthorized wheat crop, and the costs of a bird hazard elimination program initiated when the wheat crop began attracting birds to the runway area, creating an aircraft safety problem. In a recommended opinion filed *800 April 26, 1982 (reported in full at 29 CCF para. 82,470), Trial Judge Lloyd Fletcher determined (1) that plaintiff cannot prevail on his argument that his interpretation of an ambiguous contract was reasonable, because of his failure to seek clarification of what he now claims is the ambiguity in the lease; having failed to seek clarification, plaintiff cannot rely on the principle that ambiguities in contracts written by the Government are construed against the drafter; (2) that plaintiff has failed to prove that certain Government officials gave him oral permission to modify the lease whereby he could grow crops on the Base or in the maintenance area; furthermore, plaintiff has failed to show that the officials had the authority necessary to bind the Government by their actions; also, the Government is not estopped to assert the lack of its agent’s authority as a defense; (3) that plaintiff cannot recover on the basis of either an express or implied-in-fact contract to perform clean-up work since he has not pointed to any material in the record to suggest that the parties, by their conduct, established a pattern whereby a binding contract came into being when the Government officials agreed that plaintiff would do work on the Base that was not covered by the terms of the lease agreement; (4) that plaintiff is not entitled to damages based on termination of the lease agreement since the Secretary was justified in terminating the lease — plaintiff breached the lease by failing to maintain mowing areas, by planting crops on the Base in violation of the lease without permission from an authorized Government agent and by planting crops in the mowing area; and (5) that the Government is entitled to recover the cost of restoring the leased premises and of mowing the unauthorized crop, and to recover certain rental payments; the Government is not entitled to recover the cost of the bird hazard elimination program as a result of the remote nature of these costs and its failure to mitigate the damage caused by plaintiffs breach of the agreement by planting wheat. On July 16, 1982 the court, by order, adopted the trial judge’s recommended opinion as the basis for its judgment, held that plaintiff is not entitled to recover, and dismissed the petition with judgment *801 entered for the Government on its counterclaim for $2,605.42.